November 16, 2026

Moore&VanAllen

Moore & Van Allen PLLC
Attorneys at Law

100 North Tryon Street
Suite 4700
Charlotte, NC 28202-4003

T 704 331 1000
F 704 331 1159
www.mvalaw.com

**Via ECF and Email**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***CoBank, ACB v. Cable One, Inc., Case No. 26-cv-8935 (VM)***
***Response to the Proposed Intervenors' Letter Motion (Dkt. 39)***

Dear Judge Marrero:

CoBank, ACB ("CoBank") opposes the motion of GTCR Fund XII/B LP, GTCR Fund XII/C LP (together, "GTCR"), Mega Broadband Blocker, LLC, and Mega Broadband Investments Holdings LLC (together, "MBI", and with GTCR, the "Proposed Intervenors") to intervene and to accelerate both the December 4 hearing and the briefing schedule ordered by the Court (Dkt. 39).

**1. The Proposed Intervenors Disregard the Court's Pre-Motion Procedures.**

Section II.A of the Court's Individual Practices requires a party contemplating a substantive motion to submit a letter of no more than three pages describing the proposed motion and requesting a pre-motion conference. The Proposed Intervenors give lip service to that rule (Dkt. 39 at 1), but filed a 4,565-word memorandum of law, a proposed order, and a proposed Answer (Dkt. 39-1), plus a 7,396-word merits brief opposing the TRO with a declaration and exhibits (Dkt. 39-2)—over 80 pages in all—and ask the Court to deem their opposition "filed upon the granting of intervention" (Dkt. 39 at 3). Based upon their end-run around the Court's Individual Practices, CoBank requests that all the documents other than the letter be struck from the record. Should the Court permit these filings to remain on the docket, CoBank respectfully requests the opportunity to respond under the Court's standing timelines for such filings.

**2. The Proposed Intervenors Have Sat on Their Rights in Violation of Rule 24.**

The Proposed Intervenors are too late. The scheduled payment they now seek to litigate was due October 9. They were immediately aware of the TRO and concede they have been "left in limbo" "[f]or over a month" since CoBank obtained the TRO on October 9 (Dkt. 39-1 at 15; Dkt. 13), and they watched the hearing be adjourned twice and did nothing (Dkt. 39-1 at 13). They threatened intervention only on November 2 (Dkt. 39-2 at 42), but then on November 8 offered to *agree* to a further adjournment if Cable One would convene a commercial meeting (Dkt. 39-2 at 49). A party that does nothing and then offers to extend the TRO for negotiating leverage cannot claim that each passing day inflicts irreparable harm. These choices are precisely the unexcused delay that laches and Rule 24's timeliness requirement forbid (Dkt. 39-1 at 16).

Their excuse—that they believed Cable One would protect them (Dkt. 39 at 2)—has been rejected by the Second Circuit. A would-be intervenor "should have made its application to intervene as soon as it became aware of its interest," rather than relying on another process to protect it. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 71 (2d Cir. 1994); *see Floyd v. City of New York*, 770

F.3d 1051, 1059 (2d Cir. 2014). Reliance is especially unreasonable when interests are "not coterminous," *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir. 1988), as here, when the Proposed Intervenors served Cable One with notice of breach of the contract that gives rise to the alleged payment obligation on November 2 (Dkt. 39-2 at 42).

**3. The Proposed Intervenors Fail to State a Basis for Intervention Under Rule 24.**

Under Second Circuit decisions, denial of intervention motions is proper when late intervention would derail a scheduled proceeding, add parties or issues, and send the parties "back to the drawing board." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198–99 (2d Cir. 2000). That is what the Proposed Intervenors request. Having waited more than a month, the Proposed Intervenors add new issues and ask the Court to advance the December 4 hearing "to next week," with expedited briefing on an "abbreviated schedule" giving CoBank and Cable One two business days to respond (Dkt. 39 at 1, 3). The Proposed Intervenors propose no briefing schedule for the merits of the TRO and preliminary injunction proceedings, and their request ignores the fact that the December 4 hearing was set by the Court on November 9 (Dkt. 35) and will require live witness testimony. Compressing the schedule at the last minute, on the eve of the upcoming Thanksgiving holiday, would prejudice CoBank and the witnesses, and would reward GTCR for its delay. The hearing date should remain undisturbed.

In addition to being untimely, the Proposed Intervenors fail to meet the other requirements for intervention. The Proposed Intervenors have an interest in the transaction at issue in this litigation (the "MBI Put Closing"), but that is insufficient. Disposition of this litigation will not impede their ability to protect their limited interest. Their interest, and true claim, is merely contractual—they seek Cable One's performance of its contract to execute the MBI Put Closing. Allegations that Cable One is in breach of a "best efforts" clause to close add nothing material. What is material is that neither MBI nor GTCR has a judgment. The Proposed Intervenors can pursue the claim regardless of this litigation. Here, the Court will either decline to enjoin the MBI Put Closing, such that the Proposed Intervenors can advocate Cable One to close…or sue; or the Court will enjoin it, after which the Proposed Intervenors are still free to seek all their contractual remedies against Cable One. Their effort to intervene amounts to impatience over this outcome, which is insufficient.

Critically, permissive intervention under Rule 24(b)(1)(B) is unwarranted because the Proposed Intervenors fail to raise a claim that shares a common question of law or fact. *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999). The Proposed Intervenors argue, but do not plead, a potential derivative contract claim against Cable One—that Cable One is not using best efforts to dissolve the TRO. The questions of law and fact essential to that claim differ from those for CoBank's fraudulent transfer claim. Whether the MBI Put Closing is a fraudulent transfer involves questions of whether there is an exchange of reasonably equivalent value and Cable One's insolvency, not whether the MBI Put is a valid contract or whether Cable One has breached it. The Proposed Intervenors would raise a claim that is "broadly related to the subject matter" but ultimately "extraneous," such that intervention should not be granted. *City of New York*, 198 F.3d at 365, 368.

As matters of law and fact, the Proposed Intervenors' claim of irreparable harm warranting expedited consideration of their motion or an earlier hearing, while arguing CoBank would suffer no such harm, is logically fallacious. GTCR's alleged injury is simply that it may not be paid immediately under an agreement it signed six years ago and whose payment date it agreed to extend (Dkt. 39-1 at 11). Cable One holds the funds, and GTCR retains its contract claim. Its remedy for either payment default under the LLC Agreement or breach of the "best efforts" clause (Dkt. 39-2 at 41–42) is damages—the payment of the money alleged to be due. The TRO simply preserves the status quo. By contrast, if an insolvent Cable One pays GTCR, the $480 million will be distributed to GTCR's many investors, and the assets will be beyond the reach of CoBank, Cable One, and other creditors, making recovery effectively impossible (Dkt. 11 at 12–14). Tellingly, the Proposed Intervenors deny CoBank will suffer irreparable harm (Answer ¶¶ 20, 57) while asserting the logically irreconcilable position that the delay in payment of money to GTCR is irreparable harm. MBI's asserted risks of losing employees and customers and defaulting on debt due in November 2027 (Dkt. 39-1 at 15) are speculative and self-serving, and the Proposed Intervenors do not explain how having an *insolvent* Cable One acquire MBI would cure them.

The Proposed Intervenors carefully avoid taking a position on CoBank's claim. In their Answer, they obscure the issue by pleading Cable One's insolvency is a "legal conclusion" to which they need not respond. Insolvency is a financial fact, not a legal conclusion. They should know—on November 5, 2026, Cable One disclosed its net loss for the year increased to roughly $1.56 billion in the most recent quarter.[1] And they profess to "lack knowledge" of the underlying insolvency allegations (Answer ¶¶ 12, 58–59). These evasive positions underscore that the Proposed Intervenors bring nothing to these proceedings but delay.

**4. The Proposed Intervenors Are Not Parties and Their Answer Should Be Disregarded.**

The Proposed Intervenors have improperly placed on the docket an "Answer and Affirmative Defenses" responding to a Complaint directed only to Cable One (Dkt. 39-1 at 25–38). The Answer has no procedural effect given that the Court has not granted the motion to intervene and should be disregarded. Tellingly, the Answer's affirmative defenses—failure to state a claim, laches, adequate remedy at law, and a reservation of unspecified future defenses—are bare labels unsupported by any facts (Dkt. 39-1 at 36). All are single-line legal conclusions. They are insufficient on their face. *See GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98–99 (2d Cir. 2019) (striking affirmative defenses that were not supported by "some factual allegations to make them plausible" under *Twombly*).

Respectfully submitted,

MOORE & VAN ALLEN PLLC

James P. McLoughlin, Jr.

Cc: All counsel of record (via ECF)

---

[1] Form 10-Q at 2, https://www.sec.gov/Archives/edgar/data/1632127/000163212726000038/cabo-20260930.htm.