November 16, 2026

**VIA ECF**
Honorable Victor Marrero
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *CoBank, ACB v. Cable One, Inc.*, No. 1:26-cv-08935 (S.D.N.Y.)

Dear Judge Marrero:

We write on behalf of Defendant Cable One, Inc. ("Cable One") in response to the November 11, 2026 pre-motion letter (Dkt. 39) submitted by GTCR Fund XII/B LP, GTCR Fund XII/C LP (collectively, "GTCR"), Mega Broadband Blocker, LLC, and Mega Broadband Investments Holdings LLC ("MBI") (collectively, the "Proposed Intervenors"), requesting leave to file an expedited motion to intervene, leave to file a substantive memorandum in opposition to the order to show cause, and an advancement of the December 4, 2026 hearing. Cable One does not take a position on whether the Court should permit intervention and defers to the Court on that question. Cable One writes, however, to provide the Court with context that bears on the Proposed Intervenors' application and that, in Cable One's view, demonstrates that their intervention is unnecessary to the resolution of the pending temporary restraining order ("TRO") proceedings, and that their interests remain protected by the arguments already advanced by Cable One.

<u>Cable One Is Already Seeking the Same Relief the Proposed Intervenors Seek</u>

The Proposed Intervenors filed their pre-motion letter so that they may oppose the order to show cause and seek dissolution of the TRO. The requested relief is precisely the relief Cable One has sought since the outset of this case. (*See* Dkt. 18.) Indeed, on October 13, 2026—the first business day after the *ex parte* TRO was entered—Cable One filed a comprehensive memorandum in response to the order to show cause and in support of its motion to dissolve the TRO. (Dkt. 18.) Cable One has not withdrawn the motion to dissolve or retreated from its position that the TRO was not warranted.

The Proposed Intervenors acknowledge as much. Their letter concedes that Cable One filed "a fulsome response to the order to show cause" and moved to dissolve the TRO, and that this filing reinforced the Proposed Intervenors' belief that Cable One "would sufficiently protect their interests." (Dkt. 39 at 2.) The Proposed Intervenors' own correspondence to Cable One likewise embraces Cable One's arguments and asks Cable One to support dissolution "consistent with the arguments already advanced by Cable One in its motion to dissolve the TRO." (November 2, 2026 J. Goldfine Letter to Cable One at 2.) Indeed, the only asserted divergence between Cable One and the Proposed Intervenors concerns the scheduling of the hearing—not the merits of the TRO or the relief Cable One is seeking.

The Adjournments Have Facilitated Ongoing Multilateral Settlement Discussions in Which the Proposed Intervenors Have Actively Participated

The Proposed Intervenors suggest that Cable One's willingness to adjourn the TRO hearing to facilitate ongoing negotiations reflects a failure to protect their interests. It does not. As the Court is aware, the dispute underlying this action arises from a complex set of interrelated obligations among Cable One, its secured lenders (including CoBank), and the Proposed Intervenors. After the TRO was entered, the transaction that had been set to close on October 9 was no longer available, and Cable One and its advisors promptly began discussing potential alternative resolutions with the Proposed Intervenors, CoBank, and Cable One's other lenders. Those multi-party negotiations have required care, time, and consideration. Cable One consented to the adjournments of the hearing to give those discussions room to proceed.

This is not news to the Proposed Intervenors. Indeed, when Cable One informed the Proposed Intervenors' counsel on October 19 that Cable One intended to agree to the first adjournment—explaining that it made sense "for everyone involved (ie, CoBank, [Cable One] and GTCR)" because a revised transaction would take time to come together—the Proposed Intervenors raised no objection. (October 19, 2026 Email from M. Paskin to J. Goldfine; October 20, 2026 Email from J. Goldfine to M. Paskin.) And from the time of that initial adjournment, the Proposed Intervenors and their advisors have been engaged in negotiations over alternative transaction structures as recently as November 11, 2026.

The Timing of the Proposed Intervenors' Application Is Inconsistent with the Urgency It Now Asserts

The chronology of the Proposed Intervenors' application is difficult to reconcile with the request for emergency treatment:

- October 19-20, 2026: Cable One advised the Proposed Intervenors' counsel of its intent to consent to the first adjournment (from October 22 to October 30) and received no objection. The Court granted the adjournment on October 20. (October 19, 2026 Email from M. Paskin to J. Goldfine; October 20, 2026 Email from J. Goldfine to M. Paskin; Dkt. 33.)

- October 25, 2026: The Proposed Intervenors wrote to Cable One acknowledging the adjournment to October 30, without suggesting that they intended to intervene. (October 25, 2026 J. Goldfine Letter to Cable One at 2.)

- October 28, 2026: The Court entered an order adjourning the hearing to November 13, 2026. (Dkt. 34.)

- November 2, 2026: Five days later, the Proposed Intervenors informed Cable One that they intended to intervene. (November 2, 2026 J. Goldfine Letter to Cable One at 2.)

- November 4, 2026: The Proposed Intervenors' counsel asked Cable One and CoBank to state their positions on intervention by 10:00 a.m. on Friday, November 6. (November 4, 2026 Email from J. Goldfine to M. Paskin.)

- November 9, 2026: The Court entered an order adjourning the hearing to December 4, 2026. (Dkt. 35.)

- November 11, 2026: The Proposed Intervenors filed their pre-motion letter—nine days after announcing their intention to intervene and over three weeks after the first adjournment of the TRO hearing.

Had the Proposed Intervenors genuinely believed that their interests required immediate participation in these proceedings, they could have sought intervention weeks ago—at the time of the first adjournment, or at least once the November 13 date was set. They did not do so. Instead, the Proposed Intervenors held their application in reserve while negotiations continued, and filed it only after the most recent adjournment and at a sensitive juncture in those discussions. In these circumstances, Cable One is concerned that the application is, in substantial part, a tactical maneuver in the ongoing multilateral negotiations, rather than a necessary measure to ensure that the arguments for dissolution of the TRO are presented to the Court.

* * *

Cable One takes no position on the Proposed Intervenors' motion and defers to the Court's judgment. Cable One respectfully submits, however, that the Proposed Intervenors' participation is not necessary for the Court to resolve the pending order to show cause and motion to dissolve the TRO, and that the existing schedule, including the December 4 hearing, remains appropriate. Cable One is available at the Court's convenience should the Court wish to discuss these matters further.

Respectfully submitted,

*/s/ Michael A. Paskin*

Michael A. Paskin
Justin C. Clarke
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
mpaskin@cravath.com
jcclarke@cravath.com

*Attorneys for Defendant Cable One, Inc.*

CC: Counsel of record via ECF